### McKENNA v. WEAVER.

(Supreme Court, Appellate Term. February 8, 1912.)

PAWNBROKERS (§ 9*)—LIABILITY FOR GOODS PAWNED—EVIDENCE.

In an action against a pawnbroker for the value of a diamond pawned with him and not returned when redeemed, evidence *held* not to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Pawnbrokers, Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Catherine McKenna against George Weaver. From a judgment for plaintiff, rendered after a trial before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Michael J. Sweeney (Charles Blandy, of counsel), for appellant.
James I. Moore, for respondent.

GERARD, J. Plaintiff sues for the value of a diamond, contained in a ring, pawned by her with the defendant, a pawnbroker doing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

business on Ninth avenue, in this city. Plaintiff, according to her testimony, on July 12th last pawned a diamond ring with the defendant, and two days afterwards, fearing lest her husband should discover her action, she redeemed the ring; that she then took the ring home and put it in a drawer, and did not take it out until the 3d of October; that she noticed how dull it was, and that she took it down to a jeweler, named Schaefer, and said:

" 'I want my ring cleaned.' And as I was taking it off, I asked, 'How much is my ring worth?' He looked at it and said, 'You could clean that ring yourself; it is only a piece of glass.' "

There is no dispute that the stone in the ring produced in court was an imitation or glass. The jeweler, Schaefer, testified that the plaintiff came into his store—

"and handed me a ring, and asked me if the stone in the ring was a diamond or an imitation. I look at the ring, and examined it with a glass, and told her that it was a piece of glass. She said aloud afterwards, 'This is what you get for loaning it to a friend; that is the way I got it back,' and she walked out."

The jeweler also denied that the plaintiff had asked to have the ring cleaned, and denied that she mentioned the name of defendant, or told him that she had pledged the ring with defendant. The employés of the pawnbroker testified to returning the ring. We therefore have the testimony of interested parties on each side, with the exception of the jeweler, who contradicts the plaintiff's testimony in many particulars, and states that she admitted having loaned the ring to some one.

I think the decision was against the weight of evidence, and that the judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.